Willard M. Bostick, Jr. v. Commissioner.
Bostick v. Commissioner
Docket No. 48569.
United States Tax Court
T.C. Memo 1956-147; 1956 Tax Ct. Memo LEXIS 146; 15 T.C.M. (CCH) 742; T.C.M. (RIA) 56147; June 22, 1956
*146 William M. Bostick, Jr., 410 Railroad Street, Cary, N.C., pro se. Ralph V. Bradbury, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's income tax for the year 1951 in the amount of $842.74. The only questions presented are with respect to certain deductions claimed on petitioner's 1951 return as "Loss on Labor" and "Union Dues." Petitioner's income tax return for 1951 was filed with the collector of internal revenue for the district of Baltimore, at Baltimore, Maryland. Petitioner was employed during the year in question as a tool and die maker, earning wages of $4,445.36. In his return he showed these wages as income and also the sum of $600 received from Lonely American Workmen's Society, or a total income of $5,045.36. The return also showed the following deductions: Loss On Labor, 1951
$93,053.62
Union Dues, L.A.W.S.
3,000.00
Union Dues, I.A.M.
24.00
TOTAL
$96,077.62
Petitioner tried his own case. He testified briefly, explaining that L.A.W.S. stood for Lonely American Workmen's Society. It appeared petitioner was its only member and he uses the name to base *147 a confused argument against the income tax law in general, and an attack against the internal revenue department that enforces it. He testified the $3,000 deducted as "Union Dues - L.A.W.S." was merely money he put in another billfold which was his own determination of an amount that should be called union dues, and the $600 income from L.A.W.S. was merely money he paid back to himself from the billfold as wages. Merely stating petitioner's absurd proposition serves to refute the equally absurd argument he advances to support it. Respondent concedes the $600 reported as income from L.A.W.S. is not taxable income and should be excluded. Respondent was right in disallowing the $3,000 deduction. The deduction on the return called "Loss on Labor 1951" in the amount of $93,053.62, claimed on the return, is explained by the petitioner in a statement attached to the return as being the difference between what he believed his time and work for the year 1951 was worth, namely, $98,098.98, and the amount reported on his 1951 return as wages received, namely, $5,045.36. Here again the mere statement of petitioner's proposition, is enough to show his confused thinking. The claimed deduction *148 was rightly disallowed. While there was no evidence with respect to the third deduction, "Union Dues - I.A.M.", respondent thinks this may be proper and is willing to allow it. Respondent states on brief that as a tool and die maker it may well be petitioner did pay these union dues. But the item is unimportant, for in the recomputation of petitioner's tax liability under Rule 50 his liability will be determined under the tax table which will allow petitioner 10 per cent of his adjusted gross income as a deduction. Decision will be entered under Rule 50.